IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| **REGIONS MORTGAGE, INC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:23-cv-17 | |
| § | | |
| **REGAN D. PRATER and UNITED STATES** § | | |
| **OF AMERICA ON BEHALF OF THE** § | | |
| **INTERNAL REVENUE SERVICE,** § | | |
| § | | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Regions Bank d/b/a Regions Mortgage ("Regions"), and files this *Original Complaint* against Defendant Regan D. Prater ("Defendant"). Plaintiff shows as follows:

### I. PARTIES

1. Regions is a corporation organized and existing under the laws of the state of Alabama and is the owner and holder of a note and beneficiary of a security instrument for the Note made the subjects of this proceeding.

2. Regan D. Prater is an individual and obligor under a loan agreement and may be served with process at his residence, 1405 W. Lincoln Street, Tullahoma, TN 37388, or at such other place as he may be located. Summons is requested.

3. The United States of America on behalf of the Internal Revenue Service ("IRS") is named in this suit *in rem* only pursuant to its Notice of Federal Tax Lien Recorded in the Real Property Records of Coffee County at Instrument Number 22001316. The IRS may be served by sending a copy of the summons and the Complaint by certified mail to Francis M. (Trey)

Hamilton, III, United States Attorney for the Eastern District of Tennessee, at U.S. Attorney's Office, Eastern District of Tennessee, 800 Market Street, Suite 211, Knoxville, Tennessee 37902, by sending a copy of both the summons and the Complaint by certified mail to the United States Attorney General Merrick Garland, at 950 Pennsylvania Avenue NW, Washington, DC 20530, and by sending a copy of the summons and the Complaint by certified mail to Internal Revenue Service, 7940 Kentucky Drive Stop 2850F, Florence, KY 41042. Summons is requested.

## II. PROPERTY

4. This proceeding concerns the real property and improvements commonly known as 1405 W. Lincoln Street, Tullahoma, TN 37388 (the "1405 W. Lincoln Street."), more particularly described as:

> A certain tract or parcel of land in the 9th Civil District of Coffee County, State of Tennessee, described as follows, to wit: Lying and being in the 9th Civil District of Coffee County, Tennessee and in the City of Tullahoma, Tennessee and being more particularly described as follows: Beginning at an iron pin located in the southerly margin of Cumberland Springs Road 202.0 feet in a westerly direction from the northwest corner of Richardson property; thence South 22 degrees 00 minutes East along a fence and the easterly margin of Carter property 227.0 feet to a stake; thence North 68 degrees 00 minutes East 199.0 feet to a stake; thence North 21 degrees 15 minutes West 227.0 feet to a stake located in the southerly margin of Cumberland Springs Road; thence South 68 degrees 00 minutes West along the southerly margin of Cumberland Springs Road 202.0 feet to a iron pin, the same being the point of beginning.

## III. JURISDICTION AND VENUE

**A. Jurisdiction under 28 U.S.C. § 1340.**

5. This Court has jurisdiction over the controversy under 28 U.S.C. § 1340 because this case involves any civil action arising under any Act of Congress providing for internal

revenue as Regions seeks to assert a quiet title claim on a property that the IRS holds a lien interest in real property.

   B. **Diversity Jurisdiction**.

6. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and the remaining Defendant and the amount in controversy exceeds $75,000.00.

7. For purposes of establishing diversity jurisdiction, a corporation shall be deemed a citizen of every state where it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Pope v. Bradley County, No. 1:20-CV-138-TAV-SKL at *3 (E.D. Tenn. Jul. 6, 2020)* (citing 28 U.S.C. § 1332(c)(1)). Regions is an Alabama corporation with its principal place of business in Alabama. Thus, for diversity purposes, Regions is a citizen of Alabama.

8. Defendant Regan D. Prater is an individual and citizen of the state of Tennessee.

9. The amount in controversy exceeds $75.000.00. Plaintiff seeks to foreclose on real property in Coffee County, Tennessee. When seeking to foreclose on property secured by a deed of trust, the value of the subject property determines the amount in controversy. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 560 (6th Cir. 2010) ("[T]he amount in controversy is measured by the value of the object of the litigation."); *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 407 (6th Cir. 2007) ("[The amount in controversy should be considered] from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."). Plaintiff further seeks a declaratory judgment that it holds a superior interest in the Property to the IRS. In the alternative, Plaintiff seeks a quiet title action against the IRS for its notice of a federal tax lien for a face value of

$106,100.00. By seeking declaratory relief to validate its right to foreclose on the Property and that it has a superior lien interest in the Property and through its quiet title action, the Tennessee Comptroller of the Treasury values the subject property at $160,400.00.

10. Venue is proper in the United States District Court for the Eastern District of Tennessee, Winchester Division under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. In particular, this suit concerns the erroneous release of a deed of trust lien on real property located in Coffee County, Tennessee, which is within this Division and District.

## IV. FACTS

11. The foregoing paragraphs are incorporated by reference for all purposes.

12. On March 4, 2019, Defendant Regan D. Prater executed that certain *Note* (the "Note") in the original principal amount of $121,250.00 payable to Regions and bearing interest at the rate of 5.875% per annum. (*See Exhibit A* attached hereto.)

13. Concurrently with the Note, Defendant Regan D. Prater executed that certain *Deed of Trust* (the "Deed of Trust" and together with the Note, the "Loan"), as grantor, granting Regions, a security interest in the Property. The Deed of Trust was recorded with the Coffee County Register of Deeds on March 8, 2019 as Number T1042-107. (*See Exhibit B* attached hereto.)

14. Regions is the owner and holder of the Note and beneficiary of the Deed of Trust.

15. Under the terms of the Loan, Defendant Regan D. Prater was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan further provides that should Defendant Regan D. Prater fail to make

payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

17. Defendant Regan D. Prater failed to make the October 1, 2021 payment due under the Note and the Loan has been in default since that time.

18. As a result of Defendant Regan D. Prater's failure to pay as required, on October 4, 2022, Regions mailed to Borrowers a written correspondence ("Notice of Default") via United States regular mail to the Property address. In the Notice of Default, Borrowers were advised that the Loan was in default due to their failure to pay as required and that they needed to pay the total past due amount of $13,541.90 on or before November 8, 2022. Borrowers were also informed in the Notice of Default that their failure to timely cure the default may result in an acceleration of the debt. (*See Exhibit C* attached hereto.)

19. In addition, Plaintiff seeks a declaration from this Court that the IRS's liens on the Property, if any, are subordinate to Plaintiff's first-lien on the Property. Federal tax liens are not valid against any holder of a security interest until notice thereof is recorded. Here, all of the IRS's Notices of Federal Tax Liens were all recorded after Plaintiff's Security Interest. Therefore, Plaintiff holds a superior lien interest in the Property to the IRS and seeks a declaratory judgment holding the same.

20. All conditions precedent have occurred or have been met.

### V. CAUSE OF ACTION – JUDICIAL FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. In the alternative to the foregoing, Plaintiff seeks to quiet title against the IRS's lien interest in the Property.

23. The Note required monthly payments of principal and interest until the indebtedness is paid in full.

24. The Defendant failed to make the required monthly payments and the loan obligation is in default.

25. Because of the material breach of the Note and Deed of Trust, Plaintiff is entitled to recover from Defendant by acceleration or foreclosure, the balance of the Note, costs of collection, and reasonable and necessary attorney fees.

26. Plaintiff respectfully requests the Court to declare that Plaintiff is permitted to proceed with a judicial foreclosure of the Property.

27. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Court: (1) declare that Plaintiff has standing to foreclose as the holder and owner of the Note and beneficiary of the Deed of Trust; (2) declare that its Security Interest is a superior lien on the Property to the IRS's liens; (3) in the alternative, quiet title to the Property against the IRS's purported lien interests; (4) enter a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust or, alternatively, a judgment foreclosing its lien and an order for sale; (5) grant its attorneys' fees and costs as a further obligation on the debt; and (6) grant it such other relief to which it is entitled.

Respectfully submitted,

By: */s/ Jason Nabors*
　　**JASON NABORS**
　　Tennessee Bar No. 037937
　　jnabors@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
7100 Commerce Way, Suite 273
Brentwood, TN  37027
Telephone: (615) 238-3630
Facsimile: (615) 777-4517

**ATTORNEYS FOR PLAINTIFF**